IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEE DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv22-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a supplemental response (Doc. No. 5) addressing the applicability of the one-year period of limitation in this case pursuant to the provisions contained in 28 U.S.C. § 2255(f). The government argues that the petitioner's § 2255 motion, which was filed on or about January 3, 2012, is untimely under all four subdivisions of § 2255(f)[1] and is due to be dismissed.

---

[1]Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period begins from the latest date of–

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could

(continued...)

The pleadings and court record reflect that, upon revocation of his probation, the petitioner was sentenced on November 6, 2008, to 84 months' imprisonment. Judgment was entered by the district court on November 7, 2008. The petitioner did not appeal from that judgment. By operation of law, then, the judgment became final on November 17, 2008, upon expiration of the time for him to file an appeal (i.e., 10 days after entry of judgment by the district court).[2] Thus, the petitioner had until November 17, 2009, to file a § 2255 motion that was timely under the provisions of § 2255(f)(1).

As noted above, the petitioner did not file his § 2255 motion until January 3, 2012.[3] For this reason, the government contends that the § 2255 motion is untimely under the provisions of § 2255(f)(1). The government contends that the § 2255 motion is also untimely under the provisions of § 2255(f)(2), because the petitioner does not show that some unconstitutional government action impeded him from filing his § 2255 motion at an earlier date. The government contends that the § 2255 motion is likewise untimely under § 2255(f)(3), because it is not based on a right newly recognized by the Supreme Court. The

---

[1](...continued)
have been discovered through the exercise of due diligence.

[2]When the district court's judgment was entered in the petitioner's case, Fed.R.App.P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within *14* days after entry of the district court's judgment.

[3]The petitioner apparently signed his § 2255 motion on January 3, 2012. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

government also contends that the § 2255 motion is untimely under § 2255(f)(4), because the petitioner did not exercise due diligence in discovering the facts he asserts in support of his claim or in asserting his claim.  Finally, the government contends that the petitioner has not come forward with anything to demonstrate that equitable tolling of the one-year limitation period should be applied in his case.

It appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255(f) expired before the petitioner filed his § 2255 motion.  Accordingly it is

ORDERED that on or before March 27, 2012, the petitioner shall show cause why his § 2255 motion should not be dismissed as it was not filed within the applicable one-year limitation period.

Done this 6th day of March, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE