IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEE DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv22-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Jerry Lee Davis ("Davis") on January 3, 2012. Davis challenges this court's November 2008 judgment revoking his federal probation and sentencing him to a term of 84 months in prison, to run consecutive to a state sentence he was serving.[1] Davis maintains that the lawyer who represented him in the probation-revocation proceedings rendered ineffective assistance of counsel by failing to advise him to enter a plea of nolo contendere and by failing to appeal the judgment of revocation. Doc. No. 1 at 4-5. The Government argues that Davis's § 2255 motion is untimely, because it was filed after expiration of one-year limitation period applicable to § 2255 motions. After review of the pleadings, the evidentiary materials, and the applicable law, this court concludes that the

---

[1] Davis's probation arose from a sentence of 60-months' probation imposed by this court in July 2006 upon his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *See* Case No. 2:05cr211, Doc. No. 38 at 2. The revocation of his probation was based on his commission of a new criminal offense, rape, for which he was convicted in state court.

Government is correct. Davis's § 2255 motion was not filed within the time allowed under 28 U.S.C. § 2255(f). Consequently, his motion should be dismissed on grounds of untimeliness.

## II.   DISCUSSION

The timeliness of Davis's § 2255 motion is governed by 28 U.S.C. § 2255(f). That section provides the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Davis's federal probation was revoked after a hearing before the district court on November 6, 2008. *See* Case No. 2:05cr211, Doc. No. 62 and Doc. No. 77. On that same date, the district court sentenced Davis to 84 months' imprisonment, to run consecutively to

2

his state sentence. *Id.*, Doc. No. 77 at 12-13. The district court entered judgment in the case on November 7, 2008. *Id.*, Doc. No. 63. Davis did not appeal from that judgment. By operation of law, then, the judgment became final on November 17, 2008, upon expiration of the time for Davis to file an appeal (i.e., 10 days after entry of judgment by the district court).² Thus, for purposes of 28 U.S.C. § 2255(f)(1), Davis had until November 17, 2009, to file a timely § 2255 motion challenging the revocation judgment and sentence. As noted above, however, Davis did not file his § 2255 motion until January 3, 2012.³ Thus, absent a showing that an alternate date for commencement of the limitation period should be applied under § 2255(f)(2)-(4), or that the limitation period should be equitably tolled, Davis's § 2255 motion is untimely.

None of the alternate provisions of § 2255(f)(2)-(4) for commencement of the limitation period apply. Davis's § 2255 motion cannot be considered timely under § 2255(f)(4), because the facts underlying Davis's claim that his attorney's failure to advise him to enter a plea of nolo contendere could have been discovered through the exercise of due diligence by the time the district court entered its judgment in the probation-revocation

---

² When the district court's judgment was entered in Davis's probation-revocation case, Fed.R.App.P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within *14* days after entry of the district court's judgment.

³ Davis apparently signed his § 2255 motion on January 3, 2012. Applying the "mailbox rule," and with no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

proceedings, and it is clear from that record that Davis was aware, or should have been aware, for more than two years before he filed his § 2255 motion that his attorney in the revocation proceedings had not filed an appeal. Further, Davis's motion cannot be considered timely under § 2255(f)(2), because Davis has not alleged or demonstrated that he was in any way impeded by unlawful governmental action from filing a timely § 2255 motion. Finally, Davis's § 2255 motion cannot be considered timely under § 2255(f)(3), because Davis's claims are not based on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The limitation period may be equitably tolled on grounds apart from those specified in § 2255(f) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286. *See also San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *Helton v. Sec'y for the Dept. of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001). The United States Supreme Court recently confirmed that the AEDPA's one-year limitation period "is subject to equitable tolling," but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631,

\_\_\_, 130 S.Ct. 2549, 2563 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Davis argues that the limitation period should be equitably tolled in his case because the attorney who represented him in the probation-revocation proceedings neglected to appeal the judgment of revocation. Doc. No. 7. In this regard, Davis contends that he attempted to contact the attorney, by phone and by letter, shortly after the revocation proceedings to ask that he file an appeal on his behalf, but the attorney never responded to him and never filed the requested appeal. *Id*. According to Davis, although he made several attempts to contact his attorney, his attorney "effectively abandoned" him after the revocation proceedings. *Id*. at 1.

The court's records contain a letter from Davis to his attorney, dated November 12, 2008, in which Davis informed his attorney that he had decided he wanted to appeal the revocation judgment. *See* Case No. 2:0rcr211-MEF, Doc. No. 90, Attach. 1 at 1-2. Thus, Davis was aware of the need to contact his attorney to ask that an appeal be filed, and also aware that no appeal had yet been filed. Davis maintains that his attorney did not respond to his letter of November 12, 2008, or to any of his further attempts to contact him.[4] However, there is no record evidence that, after sending the letter of November 12, 2008, Davis made any inquiry – to his attorney or to the district court or appellate court – regarding the status of his appeal. Nor is there evidence that Davis's attorney made any representation

---

[4] The record contains two additional letters from Davis to his attorney, one dated November 24, 2008, and the other dated February 9, 2009, in which Davis expresses his desire to return to the district court to seek to have his state sentence ordered to run concurrently with the federal sentence imposed upon the revocation of his probation. *See* Case No. 2:0rcr211-MEF, Doc. No. 90, Attach. 1 at 3-4. There is no specific mention of an appeal in either letter.

to Davis regarding the filing of an appeal. Indeed, as indicated, Davis maintains that he never heard from his attorney after the revocation proceedings.

Under the circumstances, Davis fails to establish that he acted with due diligence in investigating the status of his appeal, nor does he establish that he relied on any affirmative misrepresentation to excuse his lack of diligence. Davis also fails to show that, once he was alerted to the possibility that an appeal had not been filed on his behalf, he acted diligently to file his § 2255 motion – in which he might have sought an out-of-time appeal based on his counsel's failure to file an appeal. Moreover, he fails to demonstrate that some extraordinary circumstance prevented him from filing a § 2255 motion before expiration of the one-year limitation period in November 2009 or rendered it impossible for him to file his § 2255 motion, as he did, more than two years after expiration of the limitation period, on January 3, 2012. Davis's failure to demonstrate that he pursued his rights diligently and that extraordinary circumstances prevented him from timely filing his § 2255 motion disqualifies him from obtaining the benefits of equitable tolling.

Under the circumstances of this case, the one-year limitation period contained in § 2255(f) expired on November 17, 2009. Because Davis did not file his § 2255 motion until January 3, 2012, his motion is time-barred and this court may not address the merits. The court further concludes that Davis has failed to show cause why his petition should not be dismissed.

Davis has also amended his § 2255 motion to present a claim that his 2006 conviction for possessing a firearm as a convicted felon – for which he was sentenced to the term of

6

federal probation that was revoked in November 2008 – is invalid because, he says, the state conviction that was a predicate offense for his federal felon-in-possession conviction was not in fact a felony. *See* Doc. No. 11. In this regard, Davis argues that his predicate state conviction, for first-degree theft of property in violation of Alabama Code 1975 § 13A-8-3(c), did not constitute a felony because he only spent 120 days of the five-year sentence that was imposed in that case in actual confinement. Doc. No. 11.

Davis's claim is not properly before the court in this proceeding. A proceeding challenging a revocation of probation or supervised release is not the proper method by which to attack the conviction giving rise to the probation or supervised release that was revoked. *See United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir. 1996); *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987). Moreover, Davis's argument is without merit. First-degree theft of property under Alabama law is a Class B felony with a sentencing range of from 2 to 20 years' imprisonment. *See* Alabama Code 1975 §§ 13A-8-3, 13A-5-6(a)(2). Davis was sentenced to five years' imprisonment for that offense. *See* Doc. No. 15, Attach. A at 2-6. The trial court split his sentence in that case, ordering Davis to spend 120 days in confinement to be followed by four years of probation. *Id*. at 3. The fact that the trial court split Davis's sentence, and that Davis spent only 120 days in actual confinement, did not render the offense of conviction any less a felony. Thus, the conviction for first-degree theft of property, a Class B felony, was properly used as a predicate conviction in Davis's federal conviction for possessing a firearm as a convicted felon.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice because the § 2255 motion was filed after expiration of the applicable limitation period and for the other reasons stated herein.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 5, 2014. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  2Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 19th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE